# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES J. CUMMINS,

           Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION,

           Defendant.

Case No. 2:12-cv-00443-LRH-GWF

**ORDER**

**Application to Proceed *In Forma Pauperis* and a Civil Rights Complaint (#1)**

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (#1), filed on March 16, 2012.

## BACKGROUND

Plaintiff appears to be alleging a claim against the Social Security Administration (SSA), challenging their denial of social security disability benefits. Plaintiff claims that the SSA continues to deny him disability benefits despite the fact that he has documentation supporting his disability. Plaintiff contends the SSA's denial of his benefits based on its finding that his mental condition is not severe enough, is in error. Plaintiff alleges that his condition is severe as he is on four different medications for his mental condition, regularly sees a psychiatrist, has frequent headaches and has neck and back pain. Plaintiff attached a portion of the ALJ's decision, finding he is not disabled and several medical records in support of his complaint.

## DISCUSSION

    **I.**    **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Cummins' financial affidavit pursuant to 28

. . .

U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Complaint

Plaintiff filed this suit under a civil rights complaint pursuant to 42 U.S.C. § 1983. However, Plaintiff's action does not appear to be a civil rights complaint pursuant to § 1983. Instead, Plaintiff brings suit against Michael J. Astrue alleging he was wrongfully denied social security disability benefit. Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Although Plaintiff used the incorrect form to file this instant action, the Court will allow the case to proceed provided that Plaintiff adheres to the policies and procedures in this jurisdiction.

Federal courts only have jurisdiction to conduct judicial review of SSA decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980). Viewing Plaintiff's complaint, it appears that Plaintiff is seeking judicial review of the alleged acts by the SSA. Plaintiff provides very little information to the Court regarding the status of his case with SSA, except to state that he has been fighting the SSA for almost three years. Plaintiff attached a portion of the ALJ's decision dated May 24, 2011, but it is unclear whether Plaintiff appealed this decision to the Appeals Council and/or fully exhausted his administrative remedies with the SSA. Thus, this case may be subject to remand to the SSA. Nevertheless, because it is unclear whether this case is ripe for judicial review, the Court will allow Plaintiff's complaint to proceed as a petition for judicial review of a final agency decision subject to the Defendant's right to request remand. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Complaint by certified mail to: (1)

the General Counsel, Social Security Administration, Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235 and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Defendants shall have **sixty (60) days** from the date of service to file their answer or responsive pleading to Plaintiff's Complaint in this case.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 22nd day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge