1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                 * * *

9

10    JAMES J. CUMMINS,                    Case No. 2:12-cv-00443-MMD-GWF

11                        Plaintiff,
                                                          ORDER
12        v.
                                           [Plaintiff's Motion for Permission to File
13    SOCIAL SECURITY ADMINISTRATION,        Motion for Default – Dkt. no. 10]

14                        Defendant.

15

16        Before this Court is Plaintiff James Cummins' Motion for Permission to File Motion

17   for Default (dkt. no. 10).   Plaintiff filed his Complaint (dkt. no. 3) *pro se* on March 22,

18   2012.   The Complaint was served on Defendant Michael J. Astrue on March 26, 2012,

19   (*see* dkt. no. 7), and on the Attorney General of the United States on March 27, 2012

20   (*see* dkt. no. 8).   Since no responsive filing has been made, Plaintiff now seeks leave to

21   file a Motion for Default Judgment.

22   **I.      DISCUSSION**

23        Rule 55(e) of the Federal Rules of Civil Procedure provides that "[n]o judgment by

24   default shall be entered against the United States or an officer or agency thereof unless

25   the claimant establishes his claim or right to relief by evidence satisfactory to the court."

26   Fed. R. Civ. P. 55(e).   The district court presiding over a case in which a litigant seeks

27   entry of default against the United States may enter default only after considering the

28   merits of the litigant's claim.   *See, e.g.*, *Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir.

1     1984).  This rule - a departure from the general principle that a judgment for a plaintiff is

2     appropriate when the defendant fails to answer - was intended to protect the public

3     coffers from "payment of unfounded claims solely because of a failure to respond timely."

4     *Giampaoli v. Califano*, 628 F.2d 1190, 1193-94 (9th Cir. 1980).

5             For the rare circumstance, as in this case, when the United States has failed to

6     respond to a properly served complaint, the party seeking default must provide

7     satisfactory evidence to the Court that that they are entitled to default notwithstanding

8     the government's failure to appear.  *See, e.g., Fedor v. Ribicoff*, 211 F. Supp. 520 (E.D.

9     Pa. 1962) (denying plaintiff's request for default arising out of social security appeal on

10    the ground that it was premature, where plaintiff had only filed a complaint and a motion

11    for entry of default).  Additional evidence beyond merely filing of a complaint must be

12    provided.

13            Indeed, it is not clear from Plaintiff's filings that this action is properly before the

14    Court. This Court has the authority to review only the final decisions of the

15    Commissioner. *See* 42 U.S.C. § 405(g); 20 C.F.R. 404.981. Decisions of the

16    Commissioner are only final when the Appeals Council acts to either grant or deny a

17    request for review of the Administrative Law Judge's ("ALJ") decision.  *See* 20 C.F.R. §

18    404.981.  After this final decision, district court's review may commence under 42 U.S.C.

19    § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  The statute

20    provides, in relevant part, that "[a]ny individual, after any *final* decision of the

21    Commissioner of Social Security made after a hearing to which he was a party,

22    irrespective of the amount in controversy, may obtain a review of such decision by a civil

23    action . . . brought in the district court of the United States for the judicial district in which

24    the plaintiff resides."  42 U.S.C. § 405(g) (emphasis added).  Plaintiff has only attached

25    an excerpt from the ALJ decision.  Without a showing of a final decision, Plaintiff may not

26    seek judicial review of the denial of his benefits.

27            Since Plaintiff has failed to meet his burden of producing evidence satisfactory to

28    this Court that default should be entered, his Motion is premature, and is denied.

1   **II.**     **CONCLUSION**

2        Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion for Permission to

3   file Motion for Default (dkt. no. 10) is DENIED.

4        IT IS FURTHER ORDERED THAT the Clerk of the Court shall re-issue summons

5   to the United States Attorney for the District of Nevada, and deliver the summons and

6   Complaint to the U.S. Marshal for service.

7        ENTERED THIS  5th day of July 2012.

8

9
                              _____

10                           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28