# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES J. CUMMINS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　　Defendant. | Case No. 2:12-cv-00443-LRH-GWF<br><br>**ORDER CONCERNING REVIEW OF SOCIAL SECURITY CASES** |

　　　　This case involves judicial review of administrative action by the Secretary of Health and Human Services, denying plaintiff's claim for Social Security benefits.  The Court recognizes that many of these cases have a number of factors in common:

　　　　1.　　Such cases rarely, if ever, require proceedings in the nature of a trial.  Instead, these cases are usually resolved by cross-motions to reverse or remand and to affirm the Secretary's decision.

　　　　2.　　The transcript of the evidence adduced at the administrative hearing frequently contains the words, "inaudible" or "illegible" in some places, and the administrative record sometimes contains documents which are illegible.  These parts of the administrative record may or may not relate to the question of whether the Secretary's decision is supported by substantial evidence.

　　　　3.　　These cases are automatically assigned to the United States Magistrate Judge for preparation of a Report and Recommendation to the United States District Judge.

　　　　**THEREFORE, IT IS ORDERED:**

　　　　1.　　In the event plaintiff intends to request a remand of this case on the basis of new evidence, plaintiff shall, within thirty (30) days of the filing of this Order, file a motion to remand in this Court based on new evidence.  The new evidence shall be attached to the motion.  A copy of the motion and evidence shall be served on:

United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South
Las Vegas, NV 89101

2.  In the event plaintiff files a motion for remand on the basis of new evidence, the defendant shall have thirty (30) days from the date of service of such motion to file either (i) a notice of voluntary remand of the case or (ii) points and authorities in opposition to plaintiff's motion.  If defendant files points and authorities in opposition, plaintiff shall have twenty (20) days from the date of service of such points and authorities to file a reply.

3.  Under 42 U.S.C. § 405(g) remand for reconsideration of new evidence will not be granted unless the evidence is new and material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage.  Therefore, if plaintiff seeks remand for consideration of new evidence, the motion shall include a statement of reasons why the new evidence was not incorporated into the record at an earlier stage.

4.  In the event plaintiff does not file a motion for remand on the basis of new medical evidence, the plaintiff shall, within thirty (30) days of receipt of this Order, file with this Court a motion for reversal and/or remand.

5.  Whenever plaintiff files a motion for reversal and/or remand, which includes issues based on the administrative record, plaintiff's motion shall include:

(a)  A specification of each and every condition or ailment, or combination of the two, that allegedly renders plaintiff disabled and is allegedly supported by evidence contained in the administrative record.

(b)  A complete summary of all medical evidence in the record that supports plaintiff's claim of disability due to each condition or ailment specified in subparagraph 5(a) above, with precise references to the applicable portions of the record.  This summary shall not include medical evidence unrelated to the conditions or ailments upon which plaintiff's claim or claims of disability are based.  It shall be sufficient compliance with this subparagraph if plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

. . .

    (c) A complete summary of all other evidence adduced at the administrative hearing that supports plaintiff's claim with precise references to the applicable portions of the record. It shall be sufficient compliance with this subparagraph if plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence adduced at the administrative hearing.

    (d) A complete but concise statement as to why the record does not contain substantial evidence to support the defendant's claim.

  6. If defendant has not filed a notice of voluntary remand and the issues in question relate to the administrative record, the defendant, within thirty (30) days after being served with plaintiff's motion for reversal and/or remand, shall file a cross-motion to affirm which will be considered an opposition to plaintiff's motion. This motion shall include:

    (a) A complete summary of all evidence in the record that the defendant contends constitutes substantial evidence to support the administrative determination that plaintiff is not entitled to the benefits in question. It shall be sufficient compliance with this subparagraph if the defendant shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

    (b) A complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which the defendant contends constitutes substantial evidence to support the administrative determination that plaintiff is not entitled to the benefits in question. It shall be sufficient compliance with this subparagraph if the defendant shall stipulate that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

    (c) A statement as to whether there are any inaccuracies in the summaries filed by plaintiff. If the defendant believes plaintiff's summaries are inaccurate, defendant shall set forth what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

  7. The motions filed by plaintiff and defendant pursuant to paragraphs 5 and 6 of this Order, respectively, shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

8. Plaintiff shall be deemed to have acceded to the accuracy of the summaries supplied by the defendant in response to subparagraphs 6(a) and 6(b) of this Order unless within twenty (20) days after being served with defendant's motion to affirm plaintiff shall file and serve a reply brief setting forth:

(a) In what manner the summaries are inaccurate;

(b) What additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

9. The motions filed by both plaintiff and defendant shall also contain the following:

(a) A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.

(b) A specification of each page in the administrative record that is partially or totally illegible, and a statement whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

10. Oral argument shall be deemed waived and the case shall stand submitted unless argument is ordered by the Court or requested pursuant to Local Rule 78-2, by one of the parties within ten (10) days following the filing of the last document required by this Court. It shall be at the Court's discretion whether oral argument is granted.

11. Failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Secretary of Health and Human Services.

DATED this 8th day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge