UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES J. CUMMINS,<br><br>                      Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>*Head of Adjudication Social Security*,<br><br>                      Defendant. | Case No. 2:12-cv-00443-RFB-GWF<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

Before the Court is Plaintiff James J. Cummins' Motion for Reversal, ECF No. 28; a second Motion for Reversal, ECF No. 35; a third Motion for Reversal, ECF No. 37; and Motion of Understanding, ECF No. 40. Additionally before the Court is a Cross Motion to Affirm, ECF No. 29, filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Commissioner").[1] On September 12, 2014, the Honorable George Foley, Jr., United States Magistrate Judge, issued a Findings and a Recommendation, ECF No. 42, recommending Cummins' motions be denied and the Commissioner's Cross Motion to Affirm be granted. Cummins timely objected, ECF No. 43, and a response was filed by the Commissioner, ECF No. 44. For the reasons discussed below, the Court accepts the Findings and Recommendation, denies Cummins' three Motions for Reversal and Motion of Understanding, and grants the Commissioner's Cross Motion to Affirm.

## II.    BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so

---

[1] Colvin is hereby substituted into this case as the proper defendant in place of Michael J. Astrue. See Fed. R. Civ. P. 25(d).

the Court incorporates and adopts, without restating, that "background" section here.  <u>See</u> Findings & Recommendation 1:25–12:14, ECF No. 42.

### III.     LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. <u>Id.</u> § 636(b)(1); D. Nev. R. IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an Administrative Law Judge's (ALJ's) "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." <u>Id.</u> (quoting <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007)).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." <u>Lingenfelter</u>, 504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. <u>Garrison</u>, 759 F.3d at 1009–10. Rather, the court must "review the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1040 (9th Cir. 1995).

. . .

1  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id, at 1039. The Commissioner may reject a medical opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing." Id. at 1041.  Moreover, a conclusory statement by a medical source that a person is "disabled" or "unable to work" is entitled to no special significance. 20 C.F.R. § 404.1527(e), § 416.927(e), Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." Garrison, 759 F.3d at 1013.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. Here, the ALJ resolved Cummins' claim at step five, at which the ALJ considers the assessment of the claimant's residual functional capacity ("RFC") as well as the claimant's age, education and work experience. RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1).

The ALJ then determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work; if so, the ALJ will find that the claimant is not disabled within the meaning of the Social Security Act. Admin. Record 22 ("AR"); 20 C.F.R. § 404.1520(g). At step five, the burden is on the Commissioner to show "the claimant can perform other substantial gainful work that exists in the national economy." Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The Commission may meet this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." Andres, 53 F. 3d at 1039.

**IV.   DISCUSSION**

After review of the record, the parties' briefs, and Judge Foley's Findings and Recommendation, the Court concludes that substantial evidence exists to support the ALJ's decision that Cummins is not disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the

1  Social Security Act. The record contains substantial evidence to support the ALJ's decision, and
2  the ALJ provided specific and legitimate reasons for assigning greater weight to specific medical
3  opinions over others. Accordingly, the Court accepts the Findings and Recommendation, denies
4  Cummins' three Motions for Reversal and Motion of Understanding, and grants the
5  Commissioner's Cross Motion to Affirm.
6  ALJ John Heyer issued a decision on May 24, 2011 finding Cummins ineligible for
7  disability under the Social Security Act because he was capable of performing light work as
8  defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). AR 20-30. The ALJ determined the evidence
9  shows the claimant has a longstanding history of back pain due to degenerative disc disease in his
10 cervical and lumbar spine. AR 25. However, by considering the objective medical evidence as well
11 as Cummins' actions and daily activities, the ALJ found Cummins retained the capability of
12 performing light exertion work. Id. The ALJ also used the testimony of Robin Generaux, a
13 vocational expert, to determine that jobs suitable for Cummins exist in the regional and national
14 economy. AR 29.
15 First, the ALJ considered physical exams conducted in May 2009 and 2010. AR 25. The
16 exams verified tenderness and a decreased range of motion in Cummins' back but also showed a
17 normal range of motion and lack of tenderness in Cummins' extremities, shoulders, hips, knees,
18 and ankles. AR 25-26. Further, Cummins exhibited a normal gait, was capable of squatting, and
19 lacked muscle spasms. AR 26.
20 Second, the ALJ considered the opinions of three medical professionals: Mayenne Karelitz,
21 M.D., Jerrold Sherman, M.D., and Ha Le, PA-C. AR 26-28. Karelitz determined that Cummins
22 retains the capability to perform medium exertion work with no postural, manipulative or
23 environmental limitations. AR 28. Likewise, Sherman opined Cummins retains the capacity to
24 perform medium exertion work, but also concluded that he was limited to an occupation with an
25 option to alternate between sitting and standing positions. AR 28. Sherman also suggested
26 Cummins' complaints were exaggerated and his behavior was manipulative. AR 26. The ALJ
27 assigned some weight to both Karelitz and Sherman's medical opinions but ultimately found the
28

limitation to light exertion work to be the most appropriate given the medical examinations. AR 28.

As for Le's opinion, the ALJ identified specific and legitimate reasons for assigning it little weight. Le provided a letter suggesting the combination of Cummins' physical and mental disorders "would qualify him for permanent disability." Ex. 13F. The ALJ correctly identified that the statement was conclusory because Le failed to reference any medical records, assessments, or significant knowledge about the functional requirements or availability of jobs suitable for Cummins. AR 27. The ALJ also doubted Le's opinion because he erroneously stated Cummins suffered from bipolar disorder, when in fact he has only been diagnosed with major depressive disorder. AR 28.

Third, the ALJ determined that Cummins' physical and mental symptoms lacked the severity he claimed. AR 26-28. Multiple examinations indicate Cummins lacked a disabling mental impairment, because Cummins was oriented, alert, retained an intact memory, and did not exhibit psychosis. Id. Moreover, the mental impairments he did have proved treatable through the use of Abilify and consequently did not prevent all work activity. AR 26. Rather than adhering to the prescription and treatment plans addressing his physical impairments, however, Cummins opted to self-medicate through the use of marijuana. AR 26.

Fourth, Cummins testified to his daily activities including feeding chickens, growing a garden, washing dishes, doing laundry, walking his dogs, playing computer games, searching for jobs online, and cleaning his property by burning weeds and removing garbage. AR 27. The ALJ found that these activities contradicted the severity of Cummins' claimed symptoms and demonstrated Cummins' ability to perform a range of light exertion work. AR 27.

Finally, vocational expert Robin Generaux testified that jobs exist in the regional and national economy suitable for an individual of similar age, education, work experience, and residual functional capacity to perform the full range of light work. AR 29. Although Generaux's testimony is inconsistent with the information contained in the Dictionary of Occupational Titles (DOT), Generaux offered the reasonable explained that the DOT fails to discuss the sit/stand option. AR 29.

However, Generaux's experience in the field exceeds twenty-five years which allows her to discuss jobs permitting the sit/stand option. AR 29.

Based on this analysis, the Court concludes that substantial evidence in the record supports ALJ Heyer's decision that Cummins was not disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. In reaching this decision, the ALJ considered the record as the whole, including medical exams, medical testimony, Cummins' testimony of daily activities, and the opinion of a vocational expert. Further, the ALJ identified specific and legitimate reasons for assigning little weight to the evidence supporting Cummins' claim.

V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that the Findings and Recommendation (ECF No. 42) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff James J. Cummins' Motion for Reversal (ECF No. 28), second Motion for Reversal (ECF No. 35), third Motion for Reversal (ECF No. 37), and Motion of Understanding (ECF No. 40) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Cross Motion to Affirm (ECF No. 29) is **GRANTED**.

DATED: September 2, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**